# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

AXEL RAMON JARQUIN

NO. 2025 KW 0002

**FEBRUARY 26, 2025**

---

In Re:     Axel Ramon Jarquin, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 3189-F-2024.

---

BEFORE:   **WOLFE, MILLER, AND GREENE, JJ.**

**WRIT GRANTED.** Notwithstanding any provision of law to the contrary, the odor of marijuana alone shall not provide a law enforcement officer with probable cause to conduct a search without a warrant of a person's place of residence. La. Code Crim. P. art. 162.4. A protective sweep is justified only when there are "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." **Maryland v. Buie**, 494 U.S. 325, 334, 110 S.Ct. 1093, 1098, 108 L.Ed.2d 276 (1990). A protective sweep conducted solely as a matter of standard procedure or policy is not warranted, but rather must be accompanied by additional exigent circumstances necessitating a sweep. See **State v. Cowans**, 2017-483 (La. App. 5th Cir. 7/6/18), 251 So.3d 1185, 1194, writ denied, 2018-1302 (La. 4/8/19), 267 So.3d 613. Unlike in **Buie**, here the sweep was not associated with an arrest or the execution of a warrant and no testimony was offered at the suppression hearing regarding the existence of exigent circumstances or that the officer had a reasonable belief, based on specific and articulable facts, that the areas to be swept harbored an individual posing a danger to those on the scene. Accordingly, the ruling denying the motion to suppress is reversed, the motion is granted, and this matter is remanded to the district court for further proceedings.

EW
SMM

**Greene, J.**, dissents. I would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT